993 F.2d 887
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harry VELTMAN, III, Defendant-Appellant.
 No. 92-50402.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1993.*
Decided May 11, 1993.
 
 Before: KOZINSKI, SUHRHEINRICH** and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 The district court was correct in not grouping the counts on which Veltman was convicted. Counts are grouped only when they "involv[e] substantially the same harm." U.S.S.G. § 3D1.2. Receiving obscene or threatening letters on several occasions is more offensive or frightening than receiving them only once. Here, each new letter constituted a new harm, even though all the letters involved the same victim and were part of the same scheme. Cf. U.S.S.G. § 3D1.2 app. note 4 example (5).
 
 
 3
 The district court also didn't clearly err in finding Veltman hadn't accepted responsibility for his behavior. Veltman expressed regret about his conduct, see, e.g., G.E.R. 117, but he also denied it was criminal, see, e.g., G.E.R. 116. The district court's judgment about a defendant's acceptance of responsibility "is entitled to great deference on review," U.S.S.G. § 3E1.1 app. note 5, and we see no reason to overturn it.
 
 
 4
 Finally, the district court didn't err in departing upward for more than minimal planning. A district court may depart if it finds an aggravating circumstance that wasn't adequately considered by the Sentencing Commission. United States v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir.1991) (en banc); U.S.S.G. § 5K2.0. The presence of more than minimal planning is indeed an aggravating circumstance; the more deliberate and premeditated the execution of the crime, the more culpable and dangerous we consider the offender to be. See, e.g., U.S.S.G. § 2A6.1(b)(2). And though the Commission considered the possibility that some threatening communications may be less deliberate than the typical one, see id., it didn't consider the possibility of threatening communications that are substantially more deliberate than the norm. The "extraordinary steps and ... extraordinary lengths," RT 6/1/92 at 61, Veltman went to in carrying out his scheme--such as his willingness to fly to Colorado just to deliver his letters--bespeak an unusual level of premeditation and commitment to his criminal enterprise. They indeed constitute more planning than is normally involved in committing the offense, see U.S.S.G. § 1B1.1 app. note 1(f), and a 2-level departure for this was well within the bounds of reason. See Lira-Barraza, 941 F.2d at 751.[1]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Richard F. Suhrheinrich, United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The fact that "more than minimal planning" is specifically given as a reason for an enhancement in some guidelines but not in U.S.S.G. § 2A6.1 is not relevant to this analysis. See U.S.S.G. § 5K2.0